DARRYL L. THOMPSON, P.C.
841 I Street
Anchorage, Alaska 99501
PH: (907) 272-9322
FAX: (907) 277-1373
EMAIL: DarrylThompson@akdltlaw.com

Attorney for Darlene Lind

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Darlene Lind,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No.** |

**COMPLAINT**

COMES NOW, Darlene Lind, by and through the LAW OFFICE OF DARRYL L. THOMPSON, P.C., who for her complaint against the defendant complains and alleges:

1. Mrs. Lind is an Alaska Native who receives medical care from the Alaska Native Medical Center in Anchorage, Alaska. At all times relevant to this complaint Mrs. Lind was a resident of the State of Alaska, Third Judicial District.

2. Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Center is a consortium of Alaska Tribal health organizations organized pursuant to §325 of Pu. L. 105-83 and

1

they operated Alaska Native Medical Center (Hereinafter ANMC) at the time of the incidents described herein. ANMC carries out federal health care programs for Alaska Natives and American Indians, authorized by the Indian Health Care Improvement Act, 25 U.S.C. §16161, Section 121 of Pub. L. 94-437, as amended and Title V of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §450 et seq., Pub. L. 93-638 as amended.

3. The United States of America, Department of Health and Human Services administers or overseas the programs and services of ANMC.

4. Mrs. Lind filed an Administrative Tort Claim under the Federal Tort Claims Act and the administrative claim was denied on October 24, 2016. This being a claim against the United States, which alleges injury as a result of medical malpractice and negligence, this Court has jurisdiction of this action under the Federal Tort Claims Act. 28 U.S.C. § 2671 et seq.

5. The United States through ANMC was responsible for providing medical treatment to Mrs. Lind, and June 23 and June 24, 2014, ANMC failed to provide that care within an accepted standards and as a direct result of that failure, Mrs. Lind has suffered serious physical injury and serious emotional upset.

6. In October 2013, Mrs. Lind presented to the Mayo Clinic in Rochester Minnesota with breast cancer and underwent a right breast mastectomy with right lymph node dissection. She

DARRYL L. THOMPSON, P.C.
841 "T" Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

subsequently submitted to radiation therapy. Her treatment at the Mayo Clinic and radiation therapy was substantially completed in or about March of 2014.

7. It is well established that where a patient has undergone a radical mastectomy with lymph node dissection the procedure places a patient at risk for developing lymphedema in the affected extremity. The National Institute of Health relies on the Position Paper: "Lymphedema Risk Reduction Practices," developed by the National Lymphedema Network, as a guide to identifying at risk patients and to identify procedures that minimize the risk.

8. These risk reduction practices adopted the National Institute of Health includes the avoidance of needle sticks in the affected extremity and the avoidance of the use of blood pressure cuffs on the affected extremity. It also strongly recommends that hospitals, doctor's offices and medical facilities should have a written policy regarding these procedures. Under these recommendations, staff training should be conducted to make a reasonable attempt to protect any limb identified as being at risk for lymphedema.

9. On June 23, 2014, Mrs. Lind presented to ANMC with post-radiation pneumonia. She presented to the emergency department and was transferred to the hospital on that same day. On transfer to the hospital, a medical history was performed and

3

the medical history clearly notes that Mrs. Lind had a mastectomy, with lymph node dissection and subsequent radiation.

10. ANMC was aware or should have been aware that Mrs. Lind's right arm was an at risk extremity. Therefore, ANMC and its staff should have identified Mrs. Lind's right arm as an at risk extremity and should have avoided needle sticks and other procedures that would increase the risk that she would develop such a morbid condition ("Lymphedema").

11. Mrs. Lind's treating physician was Shanda Lohse, MD. Upon transfer to the hospital from ANMC Emergency, a vascular IV was placed in her left hand. However, on June 24, 2014 that IV was moved to Mrs. Lind's right hand - Mrs. Lind's at risk extremity. The removal of the vascular IV from the left extremity to the right extremity was a breach of the standard of care normally exercised by Nurses and the failure to have a policy or failure to train as to any policy for identification and protection of an at risk extremity was negligence on the part of ANMC.

12. ANMC either failed to have a protocol or failed to instruct their nurses on the protocol for identifying and avoiding injury to at risk extremities. Alternatively, the nurses at ANMC were negligent in failing to follow the standard of care and/or ANMC's protocol. In light of this negligence, Mrs. Lind now suffers from lymphedema in her right arm.

4

DARRYL L. THOMPSON, P.C.
841 "I" Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

DARRYL L. THOMPSON, P.C.
841 "T" Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

## COUNT I

13. All preceding paragraphs of this complaint are incorporated into this first cause of action and plaintiff further complains and alleges:

14. When Mrs. Lind presented to the ANMC for medical treatment, defendants failed to exercise the degree of skill and care normally exercised by medical professionals.

15. ANMC either failed to have an appropriate protocol for identifying at risk extremities or failed to train and follow that protocol. As a direct a proximate result of ANMC's negligence Mrs. Lind suffered injuries that would otherwise not have occurred. ANMC caused Mrs. Lind to suffer severe emotional distress, and severe pain and suffering and she is entitled to damages. The amount of damages claimed in the administrative tort claim was $800,000.00.

## COUNT II

16. All preceding paragraphs of this complaint are incorporated into this second cause of action and plaintiff further complains and alleges:

17. When Mrs. Lind presented to the ANMC for medical treatment, the nursing staff failed to exercise the degree of skill and care normally exercised by medical professionals.

18. As a direct a proximate result of negligence of ANMC's nursing staff, Mrs. Lind suffered injuries that would otherwise

not have occurred. Mrs. Lind suffered severe emotional distress, and severe pain and suffering and she is entitled to damages. The amount of damages claimed in the administrative tort claim was $800,000.00.

WHEREFORE, plaintiff prays for the following relief:

1. An award of damages including an amount for past and future medical expenses, pain and suffering, mental suffering.

2. An award of attorney fees and costs incurred in the prosecution of this matter.

3. Such other relief, whether, legal or equitable, and whether similar or different than the relief specifically prayed for herein, and to which Lind is otherwise entitled.

DATED, this 20th day of March 2017.

DARRYL L. THOMPSON, P.C.<br>
841 I Street<br>
Anchorage, Alaska 99501<br>
By: _____<br>
Darryl Thompson<br>
Ak. Bar. # 8706055

DARRYL L. THOMPSON, P.C.
841 "I" Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373